Steve CRISWELL *v.* Melyssa HOLLIDAY

97–1327                                                    957 S.W.2d 181

Supreme Court of Arkansas
Opinion delivered December 11, 1997

*Diana M. Maulding*, for appellant.

No response.

PER CURIAM. Steve Criswell, by his attorney, has filed a motion for a rule on the clerk.

The Pulaski County Chancery Court entered an order on July 3, 1997, regarding appellant's visitation with the minor child. Pursuant to Ark. R. Civ. P. 60, appellant filed a motion to set aside that order on July 8, 1997. Before the trial court ruled upon appellant's motion to set aside, he filed a first notice of appeal on August 6, 1997, and an amended first notice of appeal on August 7, 1997. The first notice of appeal and amended first notice of appeal reflected that appellant was appealing from the July 3, 1997 order.

On August 26, 1997, the Pulaski County Chancery Court denied appellant's motion to set aside the July 3, 1997 order. Appellant filed a second notice of appeal on August 29, 1997, which reflected that he was appealing from the August 26, 1997 order and the July 3, 1997 order.

■ Pursuant to Ark. R. App. P.—Civ. 4(a), a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from. The deadline for filing a notice of appeal is not extended by the filing of a motion under Ark. R. Civ. P. 60. *See,* Ark. R. App. P.—Civ. 4(b). Therefore, the first notice of appeal and first amended notice of appeal, filed by appellant on August 6 and August 7, 1997, were not timely with regard to an appeal from the July 3, 1997 order.

However, the second notice of appeal filed by appellant on August 29, 1997, was timely with regard to an appeal from the August 26, 1997 order. *Smart v. Biggs,* 26 Ark. App. 141, 760 S.W.2d 882 (1988). Notwithstanding the fact that (a) appellant has not filed a timely appeal from the July 3, 1997 order and (b) the July 3, 1997 order is not an "intermediate order" under Ark. R. App. P.—Civ. 2(b), his timely appeal from the August 26, 1997 order will necessarily involve a review of the trial court's references to the July 3, 1997 order, in the August 26, 1997 order.

■ The motion for rule on the clerk is, therefore, granted with regard to appellant's appeal from the August 26, 1997 order.