Jay ABRAMSON *v.* Michelle ELDRIDGE

03-450 107 S.W.3d 171

Supreme Court of Arkansas
Opinion delivered May 22, 2003

*Gregory E. Bryant,* for appellant.

No response.

P ER CURIAM. Michelle Eldridge petitioned the Circuit Court of Arkansas County for an order of protection against appellant Jay Abramson on July 11, 2001. An amended petition filed on July 16, 2001, asked for attorney's fees, filing fees, and costs. The court filed a temporary order of protection and filed a final order on December 16, 2002. Abramson was fined $250.00 and sentenced to thirty days in jail, with the jail sentence suspended upon condition of absolutely no contact with Ms. Eldridge. The order was effective for two years from the date of its issuance. The court left the record open in the case for ten days so that Eldridge could submit authority for the proposition of allowing attorney's fees in domestic-abuse cases. On December 30, 2002, the court ordered Abramson to pay attorney's fees in the amount of $9,015.89, with interest at 10% per annum, along with filing fees and court costs. Abramson filed a notice of appeal on January 16, 2003, from both the December 16, 2002, and the December 30, 2002 orders. This was thirty-one days from the first order.

On April 16, 2003, Abramson tendered a petition for writ of certiorari asking this court to order the Arkansas County Circuit Clerk to prepare a complete transcript. The supreme court clerk wrote a letter to Abramson refusing to file the petition on the grounds that a notice of appeal was not filed. Abramson contends that this is error because it disregards "the fact that the December 30, 2003, order was an award of attorney's fees, which is a separate issue." *U. S. Bank v. Milburn,* 352 Ark. 155-A, 100 S.W.3d 674. Eldridge did not respond.

 Rule 4 of the Appellate Rules of Civil Procedure states that, absent a 4(b) exception, a notice of appeal shall be filed within thirty days of the entry of the order appealed from. The exception, listed in Rule 4(b), is that the notice of appeal shall be filed within thirty days from the entry of the order disposing of the last motion outstanding. The rule lists such motions as a motion for JNOV, a motion to amend the court's findings of fact

or to make additional findings, a motion for new trial, or any other motion to vacate, alter, or amend the judgment made no later than ten days after entry of judgment. In this case, the request for attorney's fees was made at the same time as the motion for a protective order; it was not a post-trial motion and, therefore, Rule 4(b) does not apply.

While the notice of appeal was not filed timely for the December 16, 2002, order, it was filed timely for the December 30, 2002, order regarding attorney's fees. There were no references to the December 16 order in the December 30 order, so it is not necessary to review the December 16 order in determining the propriety of the December 30 order. *Criswell v. Holiday*, 330 Ark. 762, 957 S.W.2d 181 (1997). The writ of certiorari is granted with specific instructions that the court would only review the correctness of the attorney's fees.

CORBIN, J., not participating.