Michelle ELDRIDGE *v.* Jay ABRAMSON

03-885                                          149 S.W.3d 882

Supreme Court of Arkansas
Opinion delivered March 4, 2004

*Benny Park Eldridge, Jr.*, for appellant.

*Gregory E. Bryant*, for appellee.

RAY THORNTON, Justice. This case arises out of acts of domestic abuse by Jay Abramson against Michelle Eldridge and a subsequent award of attorney's fees. On December 16, 2002, the trial court filed a final order of protection on behalf of Ms. Eldridge, fining Mr. Abramson $250.00 and imposing a suspended sentence of thirty days in jail. Thereafter, on December 30, 2002, the trial court awarded Ms. Eldridge attorney's fees in the amount of $9,015.00.

On January 16, 2003, Mr. Abramson filed a notice of appeal from the final order of December 16, 2002 and from the order awarding attorney's fees entered on December 30, 2002. Subsequently, on April 10, 2003, Mr. Abramson submitted to the trial court a motion to consolidate the cases for purposes of appeal. The trial court entered an *ex parte* order the next day consolidating the cases for appeal, and on April 16, 2003, Mr. Abramson tendered to this court a petition for a writ of *certiorari* seeking a complete transcript of the two cases. Ms. Eldridge had not yet responded to Mr. Abramson's *ex parte* motion to consolidate and she timely filed an appeal of the *ex parte* order of consolidation.

We considered the petition for a writ of *certiorari* and settled the status of this matter in *Abramson v. Eldridge*, 353 Ark. 354, 107 S.W.3d 171 (2003) (*per curiam*) when we stated:

> While the notice of appeal was not filed timely for the December 16, 2002, order, it was timely filed for the December 30, 2002, order regarding attorney's fees. There were no references to the December 16 order in the December 30 order, so it is not necessary to review the December 16 order in determining the propriety of

the December 30 order. *Criswell v. Holiday*, 330 Ark. 762, 957 S.W.2d 181 (1997). The writ of *certiorari* is granted with specific instructions that the court would only review the correctness of the attorney's fees.

*Id.* Notwithstanding that decision, Mr. Abramson continues to seek consolidation of his untimely appeal of one case with his timely appeal of attorney's fees. Ms. Eldridge seeks review of the trial court's order consolidating the cases.

■ In a companion opinion decided today, we held that Mr. Abramson did not preserve the issue of attorney's fees. *See Abramson v. Eldridge*, 356 Ark. 321, 149 S.W.3d 880 (2004). We have declined to consider the issue of attorney's fees because they were not preserved. The question of consolidation of the two cases is moot.

■■ We will not decide legal trivialities, academic questions, or moot issues. *Arkansas State Med. Bd. v. Schoen*, 338 Ark. 762, 1 S.W.3d 430 (1999). Mootness occurs when the decision would be of no practical effect to the legal controversy. *Wilson v. Pulaski Ass'n of Classroom Teachers*, 330 Ark. 298, 954 S.W.2d 221 (1997). A situation capable of repetition but able to evade legal review and issues of substantial public interest that will prevent future legal battles are the two exceptions to the mootness doctrine. *Cotten v. Fooks*, 346 Ark. 130, 55 S.W.3d 290 (2001).

As discussed in the companion *Abramson v. Eldridge* case decided today, Abramson failed to preserve his argument contesting attorney fees for appellate review. Consequently, this case is moot because there is no legal effect of a further ruling from this court. Whether the trial court erred in consolidating two cases for appeal is irrelevant when there is no possible recovery for either of the cases on appeal. Without practical effect, this case is a legal curiosity and not a controversy to be decided by this court.

Accordingly, we dismiss the appeal as moot.