Jay ABRAMSON *v.* Michelle K. ELDRIDGE

03-450                                                                 149 S.W.3d 880

Supreme Court of Arkansas
Opinion delivered March 4, 2004

*Gregory E. Bryant,* for appellant.

*Benny Park Eldridge, Jr.,* for appellee.

---

BETTY C. DICKEY, Chief Justice. Jay Abramson appeals from an Arkansas County Circuit Court order awarding appellee, Michelle Eldridge, $9,015 in attorney's fees. We improvidently entertained this appeal because of the circumstances surrounding the companion case in *Eldridge v. Abramson, Case No. 03-885*, which had been certified to us by the Arkansas Court of Appeals. The appellant did not preserve the issue of attorney's fees for appeal, and we affirm the trial court.

On July 11, 2001, following a long series of domestic disputes, appellee Michelle Eldridge obtained a temporary order of protection from appellant Jay Abramson. Because of numerous procedural delays by the appellant, both the hearing set for July 25, 2001 as well as subsequent hearings were continued. At the final hearing on November 6, 2002, Eldridge presented a revised bill for attorney's fees, which was accepted into evidence without objection. The appellant was given a week to respond, and failed to do so. The court, on December 16, entered a two-year order of protection and gave the appellee's attorney an opportunity to submit authority that would allow attorney's fees in a domestic-abuse case. Appellee's attorney provided the requisite authority to the court by letter. The appellant never responded to the letter, nor did he file any motion objecting to either the award of attorney's fees or the amount awarded. On December 30, 2002, the trial court entered an order awarding Eldridge $9,015 in attorney's fees.

On appeal, Abramson contends that the trial court erred in awarding attorney's fees due to Eldridge's noncompliance with Rule 54(e) of the Arkansas Rules of Civil Procedure. In addition, Abramson claims that the amount of the award was unreasonable. Because the appellant never raised these issues at trial, we do not address the merits of these claims on appeal.

█ It is well-settled law that for a trial court to have committed reversible error, timely and accurate objections must have been made so that the trial court was given the opportunity to correct the error. *Holcombe v. Marts*, 352 Ark. 201, 99 S.W.3d 401 (2003); *John Cheeseman Trucking, Inc., v. Dougan*, 313 Ark. 229, 853 S.W.2d 278 (1993); *Gustafson v. State*, 267 Ark. 830, 593 S.W.2d 187 (1980). Because there is no indication that these issues were raised below, we will not consider them for the first time on appeal.

Affirmed.

Brown and Imber, JJ., dissent.

Annabelle Clinton Imber, Justice, dissenting. The majority improperly considers a case that is moot. In doing so, this court endorses the bootstrapping of an otherwise unappealable case onto a case properly before us. Therefore, I must respectfully dissent.

The order in this case reflects the existence of an order in a separate case that provides the same remedy from which Mr. Abramson now appeals. Thus, the majority decision in this case will have no practical legal effect. It is well established that the appellate courts of this state will not review moot issues. *Delancy v. State* , 356 Ark. 259, 151 S.W.3d 301 (2004); *Cotten v. Fooks*, 346 Ark. 130, 55 S.W.3d 290 (2001). To do so would be to render advisory opinions, which we will not do. *Id.* Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.*

Jay Abramson appeals from a December 30, 2002, order requiring him to pay attorney's fees and costs, plus interest, to Michelle Eldridge. That order identified case numbers E-2001-89 and E-2001-118. Mr. Abramson filed a timely Notice of Appeal for case number E-2001-89, and that case is properly before this court.

The record for case number E-2001-89 includes another order entered by the Circuit Court on April 11, 2003, which attempts to consolidate case E-2001-118 with case E-2001-89 for purposes of appeal. The order provides that the notice of appeal filed for case E-2001-89 shall also apply to E-2001-118. We may infer from Mr. Abramson's attempt to consolidate the two cases for purposes of appeal that no notice of appeal was filed in case E-2001-118. A circuit court may not use consolidation to revive an otherwise untimely appeal. It follows that the order to consolidate for purposes of appeal must fail.[1]

The order of December 30, 2002, from which Mr. Abramson now appeals grants a single remedy for both cases, E-2001-89 and E-2001-118. Because Mr. Abramson failed to timely appeal

---

[1] On May 22, 2003, this court issued a Per Curiam order in this case holding that Mr. Abramson had timely filed an appeal of the order to pay Ms. Eldridge's attorney's fees and costs. *Abramson v. Eldridge*, 353 Ark. 354, 107 S.W.3d 171 (2003). The Per Curiam referred only to E-2001-89. *Id.* We did not, however, address E-2001-118 or the attempted consolidation of the cases for purposes of appeal. See *Id.*

the order in case E-2001-118, the remedy provided in the circuit court's order addressing the two cases will remain regardless of the outcome of the case that is properly before this court, E-2001-89. Thus, the majority opinion will have no practical legal effect and this appeal is moot.

BROWN, J., joins.