Ricky N. WILSON *v.* Teresa Wilson BECKETT

CA 05-1267

236 S.W.3d 527

Court of Appeals of Arkansas
Opinion delivered May 24, 2006

*Wm. C. Plouffe, Jr.*, for appellant.

No response.

KAREN R. BAKER, Judge. Appellant Ricky Wilson brings this one-brief appeal from an order of the Union County Circuit Court granting the motion of his former wife, appellee Teresa Wilson Beckett, to dismiss his motion for contempt citation for Teresa's denial of visitation that also sought affirmative relief by requesting a more definite visitation schedule. Ricky raises six points on appeal. Finding no error, we affirm.

The parties were divorced by decree of the trial court entered on November 12, 1996. That decree awarded Teresa custody of the parties' minor child, subject to Ricky's visitation, and ordered Ricky to pay child support of fifty dollars per week. In December, 2003, the State of Arkansas Office of Child Support Enforcement as Intervenor filed a motion to modify child support and properly served Ricky with the summons. A hearing on this motion was held on July 9, 2004, and an agreed order addressing child support was entered as a result. This order increased Ricky's child-support obligation to eighty-seven dollars per week, retro-

active to February 6, 2004. The order found that there were no child-support arrearages as of January 30, 2004.

On the same day as the hearing, July 9, 2004, Ricky filed a motion for a contempt citation alleging that Teresa had remarried about six years earlier and had deprived Ricky of his visitation by moving and refusing to notify him of her address. The motion sought an order directing Teresa to comply with the visitation provisions of the decree, to inform Ricky of her address, and to set out a specific visitation schedule which had not been done in the original decree. The decree merely stated that visitation be "reasonable and seasonable."

Teresa responded with a special appearance and a counter-motion, alleging that Missouri was the child's "home state" and requesting dismissal or transfer to a more convenient forum.

On May 17, 2005, Teresa filed a "Motion to Dismiss," alleging that her current husband had adopted the child by a decree entered by a Missouri court. A certified copy of the Missouri adoption decree was attached as an exhibit to the motion. The Missouri decree contained the findings that Ricky had been personally served with the petition for adoption and failed to respond to the petition. Ricky responded to the motion to dismiss, asserting that the Missouri adoption decree was void because he was never served with process in the Missouri adoption proceedings. He further asserted that the Missouri court lacked jurisdiction as the child's "home state" under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) because the Arkansas court granted the divorce and retained jurisdiction. He also asserted that Teresa waived the jurisdictional issue by using the Arkansas court to increase his child-support obligation.

At the hearing on the motion to dismiss, Ricky testified[1] that, after the divorce, he was able to exercise visitation until Teresa married and moved to Monroe, Louisiana, where she lived for a period before returning to Arkansas. He stated that, after Teresa returned to Arkansas, he was again able to visit until Teresa moved to two locations in Illinois before moving to Missouri. He said that Missouri authorities contacted him about the payment of child support but would not divulge Teresa's address to him. Similarly, when he contacted the Arkansas child-support authorities, they also refused to release Teresa's address. He believed that

---

[1] Teresa did not appear at the hearing.

Teresa knew his address because she obtained it from the child-support authorities. He explained that he did not file suit seeking to enforce his visitation because he did not have the money to do so. He offered that, had he known Teresa's address, he would have attempted to visit.

Ricky described how he learned of the adoption proceedings when Teresa called him and told him to call her attorney in Missouri. He maintained that he was not properly served with process in the adoption case because the process was sent to his parents' address and he had not lived at that address in over five years; however, he acknowledged that his mother read the adoption petition to him over the telephone. He asserted that he did not abandon his child, although he conceded that he did not file an answer in the adoption proceedings.

The trial court entered an order dismissing Ricky's motion for a contempt citation, finding that Teresa and the minor child had lived outside of the State of Arkansas since 1998 and that Ricky has lived in the State of Louisiana for more than five years. Based on these findings, the trial court held that Missouri was the child's "home state" and that Arkansas was an inconvenient forum for a hearing on Ricky's motion, a "child-custody determination" within the meaning of the UCCJEA. The trial court did not rule as to whether Ricky was properly served in the adoption proceedings, but noted Ricky's testimony that service was directed to his parents' home in Arkansas where he had not lived for over five years. Finally, the trial court found that it could not address Ricky's visitation request unless the adoption decree was set aside and that the Missouri court was the appropriate forum to address that issue. Because Missouri was an adjacent state, the court found that it would not be prohibitively expensive for Ricky to travel to Missouri to litigate this matter. This appeal followed.

On appeal, Ricky raises six points for reversal: (1) that the trial court erred when it failed to find that the Missouri court lacked jurisdiction over the termination of his parental rights; (2) that the trial court erred when it failed to find that the Missouri adoption decree was invalid for lack of proper service over him; (3) that the trial court erred in finding that Arkansas would be an inconvenient forum; (4) that the trial court erred in finding that it would not be prohibitive for Ricky to go to Missouri to litigate this matter; (5) that the trial court erred in refusing to apply the doctrine of "unclean hands" in this matter; and (6) that the trial court erred in failing to consider Teresa's violation of the federal

Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A (2000). We find the first and third points are interrelated and dispositive; therefore, we do not address the remaining arguments.

In his first point, Ricky argues that the Missouri court lacked jurisdiction because the Arkansas court issued the original divorce decree and Ricky's motion for citation was pending when the Missouri adoption order was entered. In the third point, he argues that the trial court erred when it found that Arkansas would be an inconvenient forum.

A trial court has discretion to decide whether it should decline to exercise its jurisdiction when there is another appropriate forum under the uniform child custody jurisdiction acts or the PKPA, and this court will reverse the trial court's decision only if we find an abuse of discretion. *See Gray v. Gray*, 69 Ark. App. 277, 12 S.W.3d 648 (2000).

This argument is a collateral attack of the adoption decree entered by the Missouri court. In general, a foreign judgment under the full faith and credit clause of the United States Constitution is valid and not subject to collateral attack except for fraud and lack of jurisdiction. *Phillips v. Phillips*, 224 Ark. 225, 272 S.W.2d 433 (1954). Consistent with this principle, an adoption decree entered in excess of a court's authority or jurisdiction is void and subject to collateral attack. *Poe v. Case*, 263 Ark. 488, 565 S.W.2d 612 (1978).

Appellant asked the trial court to find that the Missouri trial court who entered the order of adoption had no authority or jurisdiction to terminate appellant's parental rights, which it specifically terminated in the judgment of adoption. The trial court responded that appellant's motion for citation requested a court order related to visitation with the minor child, and therefore, the request was for a "child–custody determination" as defined by the UCCJEA. It further ruled that Missouri was the child's home state and the appropriate forum for the proceedings. The court also found that Missouri was the proper forum for appellant's challenge to the adoption order and acknowledged that, while the UCCJEA does not govern an adoption proceeding, appellant would not be able to enforce visitation privileges with the minor child until such time as he takes whatever action is necessary to set aside the judgment of adoption issued by the Missouri court. We find no error in the trial court's disposition of this case.

We first acknowledge that Missouri has not adopted the UCCJEA. Instead, it retains the Uniform Child Custody Jurisdiction Act (UCCJA). However, the analysis under the PKPA, the UCCJA, and the UCCJEA are the same on the facts presented in this case as all three acts give priority to the child's "home state." Our supreme court has stated that, under the UCCJA, the predecessor of the UCCJEA, child-custody jurisdiction is a matter of subject-matter jurisdiction. *Moore v. Richardson*, 332 Ark. 255, 964 S.W.2d 377 (1998). The UCCJEA is the exclusive method for determining the proper forum in child-custody proceedings involving other jurisdictions. *Greenhough v. Goforth*, 354 Ark. 502, 126 S.W.3d 345 (2003); *Arkansas Dep't of Human Servs. v. Cox*, 349 Ark. 205, 82 S.W.3d 806 (2002). Where the UCCJEA and PKPA conflict, the federal PKPA controls. *Cox, supra.*

Both the UCCJEA and the PKPA define "home state" in part as "the state in which a child lived with a parent or a person acting as a parent for at least six (6) consecutive months immediately before the commencement of a child-custody proceeding." 28 U.S.C. § 1738A(b)(4); Ark. Code Ann. § 9-19-102(7) (Repl. 2002). Under Ark. Code Ann. § 9-19-202(a)(2) (Repl. 2002), an Arkansas court making an initial custody determination has exclusive, continuing jurisdiction until a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state. The trial court in this case found, as did the Missouri court in the adoption proceeding, that Missouri was the home state of the child. Ricky does not challenge this finding. This finding terminated Arkansas's exclusive, continuing jurisdiction under the UCCJEA and PKPA.

Ricky also argues that Arkansas retained jurisdiction because he filed his motion for contempt in Arkansas prior to the adoption petition being filed in Missouri. The trial court in this case correctly identified the issue as whether Arkansas had exclusive continuing jurisdiction. In reaching that determination, the trial court recognized that appellant's motion for citation not only sought enforcement of the trial court's original order, but also requested a court order establishing a more specific visitation schedule with the minor child of the parties.

The trial court found that pursuant to Arkansas Code Annotated section 9-19-202, Arkansas would be an inconvenient forum to address the visitation issues in that there was no evidence of domestic violence, the child had resided outside the State of

Arkansas for a period of over five years and Missouri, the home state of the child, was an adjoining State so it would not be prohibitive for appellant to pursue whatever remedies he may have in that forum. The trial court further found that, given the nature and location of the evidence required to resolve the pending litigation, the State of Missouri would be the best forum to address visitation.

■ In reaching its decision, the trial court did not foreclose future enforcement of the court's order; however, it specifically found that Missouri was the appropriate forum for appellant's action to set aside the judgment of adoption issued by the Missouri court. Given that Missouri was the child's home state, we cannot say that the trial court erred in refusing to exercise its jurisdiction to enforce its court order until appellant's challenge to the adoption was resolved. *See Snisky v. Whisenhunt*, 44 Ark. App. 13, 864 S.W.2d 875 (1993) (holding that court's refusal of jurisdiction pursuant to uniform custody acts over custody matter does not affect inherent authority of court to enforce its order).

On the facts of this case, we find no error with the trial court's findings that Missouri was the child's home state and that Arkansas was an inconvenient forum to challenge the validity of the Missouri judgment. Accordingly, we affirm.

Affirmed.

PITTMAN, C.J., and ROBBINS, J., agree.