Luanne K. Bobo UTTLEY  *v.*  Christopher Allen BOBO

CA 06-443                                      242 S.W.3d 638

Court of Appeals of Arkansas
Opinion delivered November 15, 2006

*Heather M. May*, for appellant.

*Joe Morphew*, for appellee.

Robert J. Gladwin, Judge. Appellant Luanne K. Bobo Uttley appeals the Clark County Circuit Court's decision to deny her motion to dismiss, which was based upon subject-matter jurisdiction and forum non conveniens. Alternatively, appellant appeals the trial court's child-support award increase as being insufficient and erroneous. We affirm.

## I. Facts

The parties were divorced by a decree filed June 27, 2000. That decree of divorce incorporated by reference the provisions of the parties' separation, property settlement and child-custody agreement, which provided that appellant, who retained custody of the two children, planned to move to Oregon and would not leave the United States without first petitioning the trial court. Subsequently, appellee filed a motion to change custody and appellant countered that the trial court no longer had jurisdiction of the case, but rather that the State of Oregon had jurisdiction because appellant and the children had resided in that state for more than six months. By agreed order filed May 1, 2001, the parties agreed to specific visitation for the summer and the costs associated with visitation. Further, the order contained the provision that the trial court retained jurisdiction. By order filed May 17, 2001, the trial court found, after a telephonic conference with

the judge in Oregon, that jurisdiction should remain in the Clark County Chancery Court. On July 31, 2001, the parties entered into an agreed order wherein they agreed that appellant and the children could move to the United Kingdom immediately and that the trial court retained jurisdiction.

On May 2, 2005, appellee filed a motion for change of custody and the appellant filed a motion to dismiss based upon lack of subject-matter jurisdiction, Ark. Code Ann. § 9-19-202 (Repl. 2002), and forum non conveniens, Ark. Code Ann. § 9-19-207 (Repl. 2002). Alternatively, appellant asked that if the trial court did not dismiss the case, that she be afforded relief under Ark. Code Ann. § 9-19-111 (Repl. 2002), which allows witnesses in child-custody matters who live in another state to testify by deposition or by telephone, audiovisual means, or other electronic means. On October 26, 2005, the trial court held that it had jurisdiction and that there was no meritorious reason to allow any witnesses to appear by video conference, telephone or other means, and ordered that all witnesses should appear in person at the trial on October 31, 2005. At trial, the court denied appellee's motion to change custody and increased the child support received by appellant to $173 per week, plus $34.60 per week arrearage from the date of filing the motion.

## II. Subject-matter jurisdiction

A trial court has discretion to decide whether it should decline to exercise its jurisdiction under the uniform child-custody jurisdiction act. *Wilson v. Beckett*, 95 Ark. App. 300, 236 S.W.3d. 527 (2006). This court will reverse the trial court's decision only if we find an abuse of discretion. *Id.*

Appellant first claims that the trial court erred in denying her motion to dismiss because the trial court no longer had subject-matter jurisdiction over the case. The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) is codified at Ark. Code Ann. §§ 9-19-101 to -401 (Repl. 2002), and provides in relevant part as follows:

§ 9-19-201. Initial child-custody jurisdiction

(a) Except as otherwise provided in § 9-19-204, a court of this State has jurisdiction to make an initial child-custody determination only if:

(1) this State is the home State of the child on the date of the commencement of the proceeding, or was the home State of the

child within six (6) months before the commencement of the proceeding and the child is absent from this State but a parent or person acting as a parent continues to live in this State. . . .

§ 9-19-202. Exclusive, continuing jurisdiction

(a) Except as otherwise provided in § 9-19-204, a court of this State which has made a child-custody determination consistent with § 9-19-201 or § 9-19-203 has exclusive, continuing jurisdiction over the determination until:

(1) a court of this State determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this State and that substantial evidence is no longer available in this State concerning the child's care, protection, training, and personal relationships. . . .

(b) A court of this State which has made a child-custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under § 9-19-201.

Appellant argues that the trial court would not have had jurisdiction to make an initial child-custody determination. Therefore, the trial court must have exclusive, continuing jurisdiction. Appellant claims that neither the children nor the children and one parent have a significant connection with this state, and substantial evidence is no longer available in this state concerning the children's care, protection, training, and personal relationships. Thus, the trial court does not have exclusive, continuing jurisdiction under the statute. Appellee claims that the trial court exercised sound discretion in choosing to assume jurisdiction with respect to child custody. We agree.

■ The order stated that the trial court retained jurisdiction from the time of the original decree of divorce. Moreover, the trial court and a court in Oregon determined that the trial court retained jurisdiction. Further, there are sufficient contacts with the State of Arkansas for this state to maintain jurisdiction. The children's father is here, and the children are here during visitation. Therefore, the trial court had sufficient bases upon which to retain jurisdiction.

### III. Inconvenient forum

Appellant argues that Arkansas was, and continues to be, an inconvenient forum for the case. The UCCJEA provides in relevant part as follows:

§ 9-19-207. Inconvenient forum

(a) A court of this State which has jurisdiction under this chapter to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another State is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court.

(b) Before determining whether it is an inconvenient forum, a court of this State shall consider whether it is appropriate for a court of another State to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

(1) whether domestic violence has occurred and is likely to continue in the future and which State could best protect the parties and the child;

(2) the length of time the child has resided outside this State;

(3) the distance between the court in this State and the court in the State that would assume jurisdiction;

(4) the relative financial circumstances of the parties;

(5) any agreement of the parties as to which State should assume jurisdiction;

(6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) the ability of the court of each State to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) the familiarity of the court of each State with the facts and issues in the pending litigation.

(c) If a court of this State determines that it is an inconvenient forum and that a court of another State is a more appropriate forum,

it shall stay the proceedings upon condition that a child-custody proceeding be promptly commenced in another designated State and may impose any other condition the court considers just and proper.

Appellant claims that under the eight factors to consider set forth above, the trial court should have found that Arkansas is an inconvenient forum for this case. She states that she and the children have not been residents of Arkansas for over five years and have not been residents of the United States for over four years. Appellee is no longer a resident of Clark County, Arkansas. The children have been in Arkansas only for court-ordered visitation since they moved to the United Kingdom.

Further, appellant claims that if domestic violence were at issue, the courts of the United Kingdom would be in a better position to protect the parties and children. Even though appellant admits that the courts in the United Kingdom and in Arkansas are far apart geographically, she claims that with speedy air travel and communications, the distance is minimized. She claims that she makes about $8,000 annually, while appellee makes over $67,000. Because the trial court denied her motion for alternative relief regarding testimony by telephone or other electronic means, the inconvenience of the forum in Arkansas is compounded for appellant because of her limited income.

She argues that the only agreement regarding jurisdiction was the standard language appearing in virtually all domestic-relations orders in Arkansas. Appellant claims that appellee's argument that she acquiesced to jurisdiction by filing a motion for contempt based upon past-due child support fails to recognize that the UCCJEA concerns matters relating only to child-custody proceedings. Appellant argues that jurisdiction regarding child-support matters rests with the Uniform Interstate Family Support Act (UIFSA), codified at Ark. Code Ann. §§ 9-17-101 to -905 (Repl. 2002), and that an Arkansas court can enforce its own order.

Appellant submits that English courts have the abilities and evidentiary procedures in place to expeditiously decide the issues in this case and that the applicable English Family Law Court could rapidly become familiar with the facts and issues presented in this case. Appellant's solicitor in the United Kingdom said in his witness statement that decisions under English law are made by reference to the best interest or "welfare principle" of the child, which is paramount.

■ The evidence cited by appellant taken from her solicitor in the United Kingdom was proffered at trial, but it is not alleged that the trial court committed error for refusing to admit the statement into evidence. Failure to raise error constitutes a waiver or abandonment of the trial court's finding and cannot be argued on appeal. *Dalrymple v. Dalrymple*, 74 Ark. App. 372, 47 S.W.3d 920 (2001). Therefore, appellant has nothing upon which to rely in making her argument that an English court would be an appropriate forum to make a child-custody determination under Ark. Code Ann. § 9-19-207.

■ Appellee contends that because appellant won on the custody issue at trial, the inconvenient forum issue is moot. He cites *Eldridge v. Abramson*, 356 Ark. 358, 149 S.W.3d 882 (2004), for the proposition that appellate courts will not decide academic questions or give advisory opinions. Appellant contends that this is clearly an issue capable of repetition, yet evading review, and is therefore ripe for review and consideration at this time. *Weaver v. City of West Helena*, 367 Ark. 151, 238 S.W.3d 89 (2006). We agree. Because the children are only ages ten and eight, future litigation regarding custody and other issues is foreseeable. Based on appellee's reasoning, if appellant were to be successful in maintaining custody in the future, the decision of the trial court regarding inconvenient forum would never be reviewed. Therefore, the inconvenient-forum issue is capable of repetition, yet evading review, and it is properly before this court.

■ Upon review, this court finds that the trial court did not abuse its discretion in determining that Arkansas is not an inconvenient forum for the parties. There were several times throughout the history of this litigation when it was acknowledged that Arkansas would maintain jurisdiction. Further, the father remains in Arkansas, and the children continue to travel to Arkansas for visitation. The Arkansas trial court is familiar with this case, as the parties have been before it since the divorce litigation began sometime prior to the divorce decree of June 27, 2000.

## IV. Child support

Child-support cases are reviewed de novo on the record. *Paschal v. Paschal*, 82 Ark. App. 455, 117 S.W.3d 650 (2003). As a rule, when the amount of child support is at issue, an appellate court will not reverse a trial court absent an abuse of discretion. *Scroggins v. Scroggins*, 302 Ark. 362, 790 S.W.2d 157 (1990).

Appellant argues that the trial court was clearly erroneous in its findings as to appellee's expendable income for purposes of determining child support. Appellee's 2004 income-tax return reflected his W-2s and 1099. His gross income was $67,209 and net take-home pay was $47,874.89. Further, appellee admitted that his net take-home pay was probably understated because he was having extra money taken out of his gross pay for withholding taxes, as he had filed "married with no exemptions." However, the trial court did not base the child-support amount on this evidence.

Instead, the trial court based the child support on appellee's testimony that his current gross weekly wages were $840, which included his income from Arkansas Children's Hospital (ACH), where he worked twenty-four hours per week at $26 per hour, plus his income from National Park Medical Center (NPMC), where he worked eight hours per week at $27 per hour. The trial court also based the ruling on appellee's testimony that he was unable to work a full schedule during the week due to family obligations, specifically that he provided child care for his ten-month old son while his current wife taught school. Appellee estimated his take home pay was around $1,050 to $1,100 from ACH every two weeks and around $210 to $285 from NPMC every two weeks. This amounted to $675 per week. The trial court accepted this amount and set child support for two children at $173 per week, to be retroactive to the date the action was filed, November 19, 2004, with the arrearage to be paid at the twenty-percent rate of $34.60 per week, by wage withholding.

The determination of child support lies within the sound discretion of the trial court. *Akins v. Mofield*, 355 Ark. 215, 132 S.W.3d 760 (2003). The trial court is required to reference the child-support chart, and the amount specified in the chart is presumed to be reasonable. *Id.* Here, the trial court heard the testimony of appellee regarding his income, reviewed all documentary evidence, and referenced the child-support chart. The trial court was in the best position to determine the credibility of the witness regarding his income and the reasons for his present earnings. Appellant presents nothing to this court showing that the trial court applied some erroneous standard or abused its discretion.

Affirmed.

BIRD and ROAF, JJ., agree.