OFFICE of CHILD SUPPORT ENFORCEMENT *v.*
Clarence L. WOOD, Jr.

07–1131                                             285 S.W.3d 599

Supreme Court of Arkansas
Opinion delivered June 5, 2008

*Donna D. Galloway,* for appellant.

*Hunt & Harris Law Firm,* by: *Sandra Y. Harris,* for appellee.

DONALD L. CORBIN, Justice. Appellant Office of Child Support Enforcement (OCSE) appeals from an order of the Jefferson County Circuit Court declining to exercise jurisdiction to modify an order of child support. On appeal, OCSE argues that in declining to exercise its jurisdiction, the trial court erroneously considered collateral issues outside the scope of the Uniform Interstate Family Support Act (UIFSA), codified at Ark. Code Ann. §§ 9-17-101 to -905 (Repl. 2002). As the present appeal is before us on a petition for review from an unpublished opinion of the court of appeals, *Office of Child Support Enforcement v. Wood,* No. CA 07-125 (Ark. App. Oct. 10, 2007), our jurisdiction is pursuant to Ark. Sup. Ct. R. 2-4. We find no error and affirm.

Appellee Clarence L. Wood, Jr., was married to Ora G. Wood, and two children were born of the marriage. The Woods divorced, pursuant to a decree entered in Kansas in 2002. The divorce decree stipulated that the parties would have joint custody of the minor children, but Wood was required to pay $401 per month in child support. Following their divorce, Clarence moved to Arkansas, and Ora moved to Oklahoma. Once in Oklahoma, Ora opened a child-support case with that state and, as a result, Oklahoma contacted the Jefferson County OCSE, requesting that the Kansas divorce decree be registered, modified, and enforced. OCSE subsequently filed a petition to register the child-support order, pursuant to UIFSA, on October 12, 2005.

On April 26, 2006, Clarence filed a petition seeking to abate child support during his period of extended visitation with the children. OCSE responded and filed a counterclaim to register the foreign order and modify the amount of child support. Following a brief hearing, the trial court ruled from the bench that it would register the Kansas order, but that it had no jurisdiction to modify the award of child support. A written order was subsequently

entered on December 4, 2006. OCSE timely appealed the trial court's order to the Arkansas Court of Appeals. The court of appeals affirmed the trial court's order after determining there were no specific findings made to allow the Arkansas court to modify the Kansas order, and further noting that while the Arkansas court was authorized to modify a support award, it was not mandated to do so. OCSE then petitioned this court for review, which we granted.

When we grant a petition for review, we treat the appeal as if it were filed in this court originally. *Cedar Chem. Co. v. Knight*, 372 Ark. 233, 273 S.W.3d 473 (2008). Moreover, we review a trial court's ruling declining to exercise jurisdiction under an abuse-of-discretion standard. *See Uttley v. Bobo*, 97 Ark. App. 15, 242 S.W.3d 638 (2006) (holding that a trial court's decision on whether to exercise jurisdiction in a proceeding under the Uniform Child Custody and Jurisdiction Enforcement Act is reviewed for an abuse of discretion).

On appeal, OCSE argues that the trial court erred in declining to exercise jurisdiction over its petition seeking to increase the amount of support to be paid by Clarence. According to OCSE, the trial court improperly considered collateral issues, such as the fact that the Woods had signed a joint property-settlement agreement in Kansas, that were not pertinent to its petition. OCSE also seems to suggest that the trial court improperly declined to exercise jurisdiction once it realized that it could not consider Clarence's request to abate child support during the extended period of summer visitation.

Clarence counters that it was appropriate for the trial court to decline to exercise jurisdiction over the modification request because the trial court's order failed to include any findings of fact or conclusions of law regarding whether the requirements of section 9-17-611 were met. Additionally, Clarence avers that the trial court acted properly, as the statute governing modification includes the words "may modify," meaning the trial court is authorized, but not required, to modify such an order. Finally, Clarence asserts that it was proper for the trial court to decline to exercise jurisdiction where the Kansas divorce decree, which provided for joint custody, was not registered in Arkansas.

In 1993, the General Assembly enacted Act 468 of 1993, repealing the Revised Uniform Reciprocal Enforcement of Support Act (RURESA) and adopting UIFSA in its place. Arkansas

Code Annotated section 9-17-603(c) provides that a tribunal of this state may only modify a registered order pursuant to the provisions of article 6 if the issuing tribunal had jurisdiction. The following are limitations upon the modification of child-support orders issued in other states:

> (a) After a child-support order issued in another state has been registered in this state, the responding tribunal of this state may modify that order only if § 9-17-613 does not apply and after notice and hearing it finds that:
>
> (1) the following requirements are met:
>
> (i) the child, the individual obligee, and the obligor do not reside in the issuing state;
>
> (ii) a petitioner who is a nonresident of this state seeks modification; and
>
> (iii) the respondent is subject to the personal jurisdiction of the tribunal of this state; or
>
> (2) the child, or a party who is an individual, is subject to the personal jurisdiction of the tribunal of this state and all of the parties who are individuals have filed written consents in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction over the order. . . .
>
> (b) Modification of a registered child-support order is subject to the same requirements, procedures, and defenses that apply to the modification of an order issued by a tribunal of this state and the order may be enforced and satisfied in the same manner.

Ark. Code Ann. § 9-17-611(a), (b) (Repl. 2002). Unless these statutory requirements are met with respect to the limitations placed upon the modification of foreign child-support orders, such orders cannot be modified. *See Office of Child Support Enforcem't v. Cook,* 60 Ark. App. 193, 959 S.W.2d 763 (1998).

Here, the trial court ruled that it had jurisdiction to enforce the foreign child-support order and, thus, ordered that the foreign judgment be registered. However, the trial court then declined to exercise jurisdiction over the petition for modification "due to the

joint custody provision of the foreign order." The trial court reasoned that, pursuant to Administrative Order No. 10, it was required to consider shared or joint custody arrangements when considering any deviation from the family support chart in considering the modification of child support. Because it was not allowed to address the issue of visitation or custody in the context of a UIFSA proceeding, the trial court concluded that it therefore could not consider the request for an increased award of child support. Thus, the issue presently before us is whether the trial court properly declined to exercise jurisdiction over OCSE's petition for an increased award of support.

We review issues of statutory construction under a de novo standard. *See Cooper Clinic, P.A. v. Barnes*, 366 Ark. 533, 237 S.W.3d 87 (2006). Because it is for this court to decide the meaning of a statute, we are not bound by the circuit court's determination of the statute's meaning. *Hardy v. Wilbourne*, 370 Ark. 359, 259 S.W.3d 405 (2007). The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Id.* The first rule in determining the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* This court will construe a statute so that no word is left void, superfluous or insignificant, with meaning and effect given to every word in the statute if possible. *Id.* When the language of the statute is plain and unambiguous, conveying a clear and definite meaning, we need not resort to the rules of statutory construction. *Id.* A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Id.*

Based on a plain reading of the provisions of UIFSA, we cannot say that the trial court abused its discretion in declining to exercise jurisdiction over OCSE's petition. Section 9-17-611(a) clearly states that a trial court *may* modify an award of support upon certain conditions being satisfied. This court has often recognized that the word "may" is usually employed as implying permissive or discretionary, rather than mandatory, action or conduct and is construed in a permissive sense unless necessary to give effect to an intent to which it is used. *Gonzales v. City of DeWitt*, 357 Ark. 10, 159 S.W.3d 298 (2004); *Cortinez v. Arkansas Supreme Court Comm. on Prof'l Conduct*, 353 Ark. 104, 111 S.W.3d 369 (2003); *Marcum v. Wengert*, 344 Ark. 153, 40 S.W.3d 230 (2001). Accordingly, the trial court was not required to exercise its jurisdiction over

OCSE's petition, and we affirm its order, although for a different reason. *See Thomas v. Avant*, 370 Ark. 377, 260 S.W.3d 266 (2007) (holding that it is axiomatic that this court can affirm a circuit court if the right result is reached even if for a different reason). Circuit court affirmed; Court of Appeals affirmed.