

Cite as 2015 Ark. App. 627

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-15-321

| | |
|---|---|
| RUTH NEWKIRK AND DAVID NEWKIRK | **Opinion Delivered** November 4, 2015 |
| APPELLANTS | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. PR-2009-245] |
| V. | |
| | HONORABLE WILL FELAND, JUDGE |
| ROCKY BURTON AND SHANNON BURTON | |
| APPELLEES | AFFIRMED |

## RITA W. GRUBER, Judge

Ruth Newkirk and David Newkirk appeal from an order of the Lonoke County Circuit Court deferring jurisdiction over an adoption matter to a court in DeSoto County, Mississippi. The issue on appeal is whether the circuit court abused its discretion in determining that Lonoke County, Arkansas, was an inconvenient forum and that DeSoto County, Mississippi, was a more appropriate forum. We hold that the circuit court did not abuse its discretion; accordingly, we affirm.

David Newkirk is the parent of two minor children: REN (born 7/25/06) and JGN (born 8/21/08). Ruth Newkirk is David's mother and the children's grandmother. In August 2009, David and his then-wife Tiffany, the children's mother, were incarcerated, and an order of guardianship over the children was entered by the Lonoke County Circuit Court appointing the children's great aunt and uncle, Claressa and Jeffrey Davis, as their guardians. In 2013, the Davises requested that successor guardians be appointed. On May 17, 2013, the

SLIP OPINION

court appointed Shannon and Rocky Burton, appellees, as guardians over REN and another couple as guardians over JGN. REN has lived with the Burtons in Mississippi since February 2013.

On March 31, 2014, almost a year after the Burtons were appointed guardians over REN, Ruth filed a motion to establish visitation with REN. The Burtons filed a motion to dismiss Ruth's motion, alleging that she had never been granted intervenor status in the guardianship action and therefore had no standing to request visitation. They also stated that REN had lived in Mississippi for over a year, that there was currently pending a Petition for Termination of Parental Rights and Adoption in DeSoto County, Mississippi, that Tiffany had had no contact with REN since March 2011, that David was not eligible for parole until January 2020, and that neither parent had provided any financial support for REN since 2009. Finally, they alleged that Mississippi was REN's home state and requested that the matter be heard there. The Burtons also filed a brief asking for a change in jurisdiction.

In their brief, they recognized that Arkansas had established initial child–custody jurisdiction under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA) pursuant to Ark. Code Ann. § 9-19-201 in 2009 with the initial order of guardianship and had continuing jurisdiction pursuant to Ark. Code Ann. § 9-19-202 in 2013 when it changed REN's guardians to the Burtons. But they argued that, since neither the child nor the child and either a parent or "a person acting as a parent" had a significant connection with Arkansas and that neither parent or REN's grandmother had visited REN, Arkansas no longer had continuing jurisdiction under section 202. *See* Ark. Code Ann. § 9-19-202(a)(1) (Repl. 2009).

They also argued that even if Arkansas had continuing jurisdiction, Arkansas was an inconvenient forum under Ark. Code Ann. § 9-19-207. They alleged that the court in Mississippi had stayed the adoption proceedings until Arkansas settled the jurisdiction issue, and they requested the court to decline to exercise jurisdiction in favor of the Mississippi court.

On October 21, 2014, the court entered an order finding that Ruth had not been granted intervenor status in the guardianship and thus the court had no authority to hear her motion to establish visitation. The court indicated its willingness to hear the matter if Ruth elected to refile—which she did. On October 22, 2014, Ruth filed a motion to intervene and a motion to establish visitation. The next day, the Burtons filed a motion to transfer jurisdiction, essentially restating their arguments from their earlier brief. They again stated that the Arkansas court was no longer the proper court; that matters relating to REN should be heard in Mississippi; that no significant connection to Arkansas existed; and that all of the evidence relating to REN's care, protection, relationships, and education were in Mississippi.

After a hearing during which Ruth, David, and Ms. Burton testified, the court entered an order on December 29, 2014, finding that, pursuant to the factors set forth in Ark. Code Ann. § 9-19-207, Lonoke County, Arkansas, was an inconvenient forum to consider the adoption petition and deferred the matter to DeSoto County, Mississippi, which it determined was "better situated to consider the nature of the evidence in the adoption matter and has the ability to decide the issues expeditiously." The circuit court stayed the guardianship proceedings regarding the child until completion of the adoption proceedings in Mississippi.

3

The court stated that if the adoption petition were denied, "then the guardianship set forth by this Court shall remain in full force and effect and jurisdiction shall revert to this Court."

We review a circuit court's determination to decline to exercise jurisdiction for abuse of discretion. *Wilson v. Beckett*, 95 Ark. App. 300, 304, 236 S.W.3d 527, 530 (2006). The UCCJEA is the exclusive method for determining the proper state for jurisdictional purposes in child-custody proceedings that involve other jurisdictions. *See Greenhough v. Goforth*, 354 Ark. 502, 507, 126 S.W.3d 345, 349 (2003).

In cases such as this one, where the court entered the initial child-custody determination, the UCCJEA provides as follows:

> (a) Except as otherwise provided in § 9-19-204, a court of this state which has made a child-custody determination consistent with § 9-19-201 or § 9-19-203 has exclusive, continuing jurisdiction over the determination until:
> > (1) a court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
> > (2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

Ark. Code Ann. § 9-19-202(a) (Repl. 2009).

Although the Burtons argued that the court did not have continuing jurisdiction under section 202, the court did not make that finding. However, a court that has jurisdiction may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. Ark. Code Ann. § 9-19-207 (Repl 2009). That is precisely what the circuit court in this case

4

determined.

Appellants argue that the court abused its discretion in declining to exercise jurisdiction in this case. They contend that, before the Burtons were appointed as guardians, neither REN nor any of her "blood relatives" had lived in Mississippi. They argue that all of her relatives still live in Arkansas. They also contend that it will be difficult for a Mississippi court to consider the factors involving termination of David's parental rights because he is incarcerated in Arkansas and all evidence regarding him is in Arkansas.

The Burtons have filed a petition for adoption in Mississippi where both they and REN live and had lived for two years at the time of the hearing. Although the matter will necessarily involve the termination of David's parental rights if an adoption is granted, the adoption case principally concerns REN and her best interests. The guardians live in Mississippi and REN had lived in Mississippi for two years at the time of the hearing, where she attends school and therapy. All of the evidence concerning REN's care, education, protection, health, and personal relationships is in Mississippi. David has been incarcerated since 2009 and has had minimal contact with REN since that time. He has had no contact since February 2013, when REN moved to Mississippi with the Burtons. He is not eligible for parole until 2020. Tiffany's whereabouts were unknown at the time of the hearing, and she has had no contact with REN since March 2011. Neither David, Tiffany, or Ruth have provided any financial support since 2009, when the first guardianship was instituted. Although it might be easier for David were the proceedings to remain in Arkansas, it would be a hardship for the Burtons, REN, and those persons in Mississippi providing testimony

about REN's care. Indeed, an Arkansas court would have no jurisdiction over an adoption proceeding concerning REN since neither she nor the petitioners are residents of Arkansas. *See* Ark. Code Ann. § 9-9-205(a)(1) (Supp. 2013). The circuit court stated that, in the event the Mississippi court did not find the adoption to be in REN's best interest, jurisdiction would revert back to Arkansas and the court would continue to exercise jurisdiction over the guardianship. After reviewing the record in this case, we hold that the circuit court did not abuse its discretion in declining to exercise jurisdiction over the adoption petition.

Affirmed.

GLADWIN, C.J., and HARRISON, J., agree.

*Robert M. Abney, P.A.*, by: *Robert M. Abney*, for appellant.

No response.