
# ARKANSAS COURT OF APPEALS

DIVISION III

No. CV-16-392

|  |  |
|---|---|
| MARY COLLINS | **OPINION DELIVERED:** JANUARY 25, 2017 |
| APPELLANT | |
|  | APPEAL FROM THE RANDOLPH |
| V. | COUNTY CIRCUIT COURT |
|  | [NO. 61CV-10-156] |
| AVA LEUTHOLT AND RICHARD LEUTHOLT, INDIVIDUALLY, AND LEUTHOLT PROPERTIES, LLC | |
|  | HONORABLE HAROLD S. ERWIN, JUDGE |
| APPELLEES | |
|  | REVERSED AND REMANDED |

## ROBERT J. GLADWIN, Judge

In this third attempt to appeal the Randolph County Circuit Court's order of December 26, 2013, which granted summary judgment to appellees Ava and Richard Leutholt, individually, and Leutholt Properties, LLC, appellant Mary Collins argues that the trial court erred in granting judgment as a matter of law. We agree and reverse and remand for further proceedings.

On January 21, 2009, Collins entered into a contract to purchase a home at 1104 Grand Street in Pocahontas, Arkansas, from Leutholt Properties, LLC, for $24,000, of which Collins paid $10,000 down. Ava and Richard Leutholt are members of the LLC. The contract obligated Collins to "obtain and maintain an insurance policy against loss due to fire or other hazard with a loss payable clause in favor of Seller herein in an amount equal to the outstanding principal balance." On the same day that the contract was executed, Collins paid the Leutholts $165 and received a receipt purported to be signed by Ava

Leutholt stating that she had received from Collins $165 for homeowner's insurance for one year, January 2009 through December 2009. The LLC maintained insurance on the home in a policy that covered several properties owned by the LLC.

On November 18, 2009, the home was destroyed by fire. Thereafter, the LLC filed an insurance claim and received $40,000 from Cameron Mutual Insurance Company. On November 15, 2010, Collins filed a complaint against Ava and Richard Leutholt and the LLC seeking damages for conversion by claiming that the insurance proceeds, above the amount owed on the property as principal on the contract, belonged to her. Attached to the complaint were exhibits A (a copy of the land-sale contract) and B (a copy of the alleged receipt for $165 that was written and signed by Ava Leutholt). The Leutholts timely answered and counterclaimed, alleging that Collins had failed to (1) maintain insurance on the premises; (2) pay the real-estate taxes; (3) protect the property from waste; and (4) make payments. Consequently, the Leutholts treated the sums paid as rent and chose to terminate the contract, and they asked the court to quiet title.

On July 16, 2013, the Leutholts filed a motion for summary judgment, alleging that Collins had never obtained an insurance policy but that the LLC had obtained and maintained a policy, and it was attached as an exhibit to the motion. The Leutholts alleged that the house had burned, they had filed an insurance claim, the proceeds of the policy had been paid to the LLC as the named insured, and there had been no conversion of property belonging to Collins. Collins responded that under the contract, she had paid $165 to the Leutholts on January 21, 2009, for one year of homeowner's insurance on the house. She alleged that, after the fire destroyed that house, the Leutholts had received the insurance

SLIP OPINION

proceeds but did not pay any money to her after deducting the amount she owed them for the house, thereby converting the insurance proceeds to their own use. In her brief in support of her response to the motion for summary judgment, Collins contended that the Leutholts' argument, that the insurance money was theirs because the contract for insurance was between the insurance company and the LLC, goes against the terms of the contract the LLC had with Collins and the receipt she had been given for the $165 payment for homeowner's insurance. Collins claimed that she had paid $10,000 on the contract, which left a balance of $14,000 owed to the Leutholts. Allowing the Leutholts to keep the $40,000 in insurance proceeds, on a house that was sold for $24,000, would allow them to be unjustly enriched. She argued that the Leutholts, as owners of the LLC, received the proceeds and were liable for conversion.

On October 21, 2013, a hearing was held on the summary-judgment motion, and on December 26, 2013, the trial court entered an order granting the Leutholts' motion, finding that Collins's complaint had alleged conversion; there had been an insurance policy on the house; the house had burned; the insurance company had paid the $40,000 in benefits to the LLC; the money paid had been the LLC's sole property; and, thus, no conversion had occurred.

Collins timely filed her notice of appeal and designation of record on January 21, 2013. On June 18, 2014, this court dismissed Collins's appeal and remanded the case to the trial court for lack of a final order, because the Leutholts' counterclaim had never been

addressed below.[1]  Following remand, Collins filed a motion to amend or alter the order on February 2, 2015, alleging that the trial court had jurisdiction to amend based on Arkansas Rule of Civil Procedure 54(b)(2) (2015), because no final order had been filed.  In her brief in support, Collins argued that the trial court should find that the Leutholts held her money in a constructive trust.  The Leutholts responded that Arkansas Rule of Civil Procedure 60 (2015) controlled because more than ninety days had passed since the entry of the judgment Collins sought to amend.  However, the Leutholts claimed that none of the bases on which to grant a motion to vacate were applicable. Ark. R. Civ. P. 60(c).  No order was filed addressing Collins's motion to amend or alter the order.

The Leutholts filed a motion to voluntarily dismiss their counterclaim, and the trial court entered an order dismissing the Leutholts' counterclaim without prejudice on March 18, 2015.  Collins timely filed her notice of appeal and designation of record on March 24, 2015.  Again, this court dismissed the appeal for lack of a final order, holding that the compulsory counterclaim that was dismissed without prejudice was subject to being refiled at a later date.[2]  Following the second remand, the trial court filed an amended order on March 17, 2016, granting summary judgment with a certificate attached in compliance with Arkansas Rule of Civil Procedure 54(b).  Collins filed a timely notice of appeal on March 21, 2016, and this appeal followed.

---

[1] *Mary Collins v. Ava Eugenia Leutholt, Richard Michael Leutholt, and Leutholt Properties, LLC*, CV-14-225, was dismissed by order of this court filed June 18, 2014, for lack of finality due to an unaddressed counterclaim and no Rule 54(b) certificate.  *See* Ark. R. Civ. P. 54(b) (2014).

[2] *Collins v. Leutholt*, 2015 Ark. App. 664.

In addressing a summary-judgment order on appeal, our supreme court recently

stated,

> A trial court may grant summary judgment only when it is apparent that no genuine issues of material fact exist requiring litigation and that the moving party is entitled to judgment as a matter of law. *Crockett v. C.A.G. Invs., Inc.*, 2011 Ark. 208, 381 S.W.3d 793. Summary judgment is not proper, however, where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypothesis might reasonably be drawn and reasonable minds might differ. *Thomas v. Sessions*, 307 Ark. 203, 818 S.W.2d 940 (1991). In *Flentje v. First Nat. Bank of Wynne*, 340 Ark. 563, 569–70, 11 S.W.3d 531, 536 (2000) (internal citations omitted), we explained, "we only approve the granting of the motion when the state of the evidence as portrayed by the pleadings, affidavits, discovery responses, and admission on file is such that the nonmoving party is not entitled to a day in court, *i.e.*, when there is not any genuine remaining issue of fact and the moving party is entitled to judgment as a matter of law. However, when there is no material dispute as to the facts, the court will determine whether reasonable minds could draw reasonable inconsistent hypotheses to render summary judgment inappropriate." On appeal, we view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Harrisburg Sch. Dist. No. 6 v. Neal*, 2011 Ark. 233, 381 S.W.3d 811.

*Town of Lead Hill v. Ozark Mountain Reg'l Pub. Water Auth.*, 2015 Ark. 360, at 3, 472 S.W.3d

118, 121−22.

Viewing the evidence in the light most favorable to herself, Collins contends that the

trial court erred in granting summary judgment. The Leutholts argue that the trial court

did not err in granting summary judgment, because Collins alleged one cause of action—

conversion. Conversion is wrongful possession of another's property; an act of distinctive

dominion over the property of another. *Dillard v Wade*, 74 Ark. App. 38, 45 S.W.3d 848

(2001). The Leutholts claim that the proceeds belonged to their LLC because it was the

named insured on the policy. They assert that the trial court did not err in so finding. Also,

the Leutholts assert that the issue of constructive trust was not ruled on by the trial court

and was therefore not preserved for appellate review. *Abramson v. Eldredge*, 356 Ark. 321, 149 S.W.3d 880 (2004).

However, we do not reach the Leutholts' arguments concerning constructive trust because we hold that there remain to be answered genuine issues of material fact. The receipt, signed by Ava Leutholt and purported to evidence proof that Collins paid for the insurance coverage prescribed by the contract, was never acknowledged or addressed by the trial court. Whether Collins was entitled to the insurance proceeds must be resolved by the trial court's determination of some material questions of fact that remain unanswered in light of the receipt. Viewing the evidence in the light most favorable to Collins and resolving all doubts and inferences against the Leutholts, we hold that the trial court's order granting summary judgment was in error. We reverse and remand for a determination of whether the signed receipt entitled Collins to the insurance proceeds as set forth in the contract between the parties.

Reversed and remanded.

GRUBER, C.J., and BROWN, J., agree.

*Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *Kenneth P. "Casey" Castleberry*; and *Grider Law Firm*, by: *M. Joseph Grider*, for appellant.

*James, House & Downing, P.A.*, by: *Richard C. Downing*, for appellees.