Othorell COCHRAN *v.* Rosetta Skaggs COCHRAN

CA 82-196                                    644 S.W.2d 635

Court of Appeals of Arkansas
Opinion delivered January 26, 1983

*John Norman Warnock,* for appellant.

*Travis Mathis,* for appellee.

LAWSON CLONINGER, Judge. The trial court denied the motion of appellant, Othorell Cochran, to be relieved from further alimony payments to appellee, Rosetta Skaggs Cochran. It was alleged, and not disputed, that appellant's sole source of income was from disability payments from the United States Army and Social Security. We find that the trial court correctly denied appellant's motion and we affirm.

Appellant and appellee were divorced in 1978, at which time appellant was ordered to make alimony payments of $250 per month. Appellant contended in his motion, and contends here, that ex-spouses have no right to share in federal disability benefits through state court orders for alimony. In her response to appellant's motion, appellee alleged that she remains permanently and totally disabled and is dependent upon appellant. Appellee's allegations of disability and dependency were not disputed.

The only question properly before this court is whether a state trial court can give consideration to disability income

derived from United States Army and Social Security in determining the amount of alimony to be paid.

In support of his argument, appellant cites two Arkansas cases: *Paulsen* v. *Paulsen*, 269 Ark. 523, 601 S.W.2d 873 (1980); and *Fenney* v. *Fenney*, 259 Ark. 858, 537 S.W.2d 367 (1976). However, both of these cases are concerned with the division of marital property pursuant to a divorce. Both cases held that a husband's retirement pay from the armed forces is not personal property within the meaning of the marital property statute [See Ark. Stat, Ann. § 34-1214 (Supp. 1981)], and therefore is not subject to division between the husband and wife. Furthermore, the *Paulsen* case held that although military retirement pay is not marital property such payments may be considered as any other economic circumstance in setting the amount of child support and alimony payments.

*McCarty* v. *McCarty*, 101 S. Ct. 2728 (1981), is inapplicable to the facts of this case, since *McCarty* merely held that federal law precludes a state court from dividing military retirement pay pursuant to state community property laws.

Appellee has made no attempt to reach any payments due appellant from any source by garnishment or other method of attachment, and there has been no intimation that the payments are marital property. It was proper for the trial court to consider the needs of appellee and the ability of appellant to pay, giving consideration to appellant's income from whatever source derived in determining the amount of alimony to be paid.

Affirmed.