Sterlin Clifford KIMBRELL
*v.* Marian Alice KIMBRELL (Neldon)

CA 93-1052                                          884 S.W.2d 268

Court of Appeals of Arkansas
Division II
Opinion delivered October 5, 1994

*John C. Aldworth*, for appellant.

*M. Edward Morgan*, for appellee.

JUDITH ROGERS, Judge. The appellant, Sterlin Clifford Kimbrell, has appealed from an order of the Van Buren Chancery Court directing him to continue paying child support in the amount of sixty dollars a month on behalf of his handicapped adult son, Clint Jason Kimbrell. Appellant does not dispute the chancellor's finding that Clint is handicapped or that, in some circumstances, it is proper to continue a non-custodial parent's support obligation after a child reaches majority. Instead, appellant argues that, because he is also disabled, he should not be required to pay support for Clint. In response, appellee maintains that, under the circumstances, the chancellor did not abuse his discretion. We affirm.

The parties were divorced in 1986, and appellee was awarded custody of Clint, who was a minor at that time. Appellant was ordered to pay $10 a week in child support. In January of 1992, appellee moved for an increase in support and for the continuation of appellant's obligation, even though Clint had reached the age of eighteen. At the hearing held on this motion in October of 1992, appellant testified that he could not provide for Clint's support at that time. He said that he was unable to work and had applied for social security disability benefits because of his emphysema. He related that he had previously worked odd jobs here and there and had been able to pay support since the divorce,

but he said that his physical condition had worsened and that he had not worked in about a year and a half. As a result of that hearing, the chancellor found that Clint was handicapped and in need of further support, and he fixed support at twenty-five dollars a week. The chancellor noted that appellant had not brought forth any medical evidence to verify his claim of disability, and stated: "Twenty-five dollars per week is not a major amount. It is an amount that the court feels that Mr. Kimbrell can probably work on a slow and part-time basis, even pick up cans to produce it."

In December of 1992, appellant moved to have his child support obligation abated. To this motion, appellant attached an affidavit of a physician stating that appellant suffered from chronic obstructive pulmonary disease.

The hearing on appellant's motion, out of which this appeal arises, took place in April of 1993. Appellant testified that the Social Security Administration had determined that he was disabled and had awarded him $435 a month in benefits. He also said that he had received $5,000 in back benefits, of which $1,500 remained unspent. According to appellant, Clint received the same monthly amount for his own disability. Appellant further testified that he lived alone and had no other source of income. He admitted that he might be able to contribute twenty-five dollars a month toward Clint's support.

Appellee testified that Clint had been diagnosed as a schizophrenic and that he lived in a home in Morrilton which provided his food and shelter. She said that all of his disability income, save $30, went to the home. She estimated that Clint's personal expenses exceeded his social security benefits by eighty to one hundred dollars a month and she said that she had been furnishing all of Clint's toiletries and clothing. She testified that she is also disabled and receives $279 per month in disability benefits.

At the conclusion of the hearing, the chancellor found that Clint's incidental needs amounted to one hundred dollars a month. He stated that, considering the parties' low incomes, appellant should pay sixty percent of the incidentals, or sixty dollars a month, and that appellee would be responsible for purchasing

the remainder of these items. An order reducing appellant's monthly child support payments from one hundred to sixty dollars was entered on June 1, 1993; this appeal followed.

■ The general rule is that, once a child reaches majority, the legal duty of the parents to support that child ceases. *Towery* v. *Towery*, 285 Ark. 113, 685 S.W.2d 155 (1985). An exception to this rule, however, exists when a child is mentally or physically disabled in any way at majority. *Id.* In keeping with this exception, Arkansas Code Annotated § 9-12-312(a)(5)(B) (Repl. 1993) provides that "[t]he court may also provide for the continuation of support for a person suffering from a handicapping condition which affects the ability of the person to live independent from the custodial parent."

■ The determination of whether continued support for an adult child is proper has to be made on the basis of the facts of each particular case. *Elkins* v. *Elkins*, 262 Ark. 63, 553 S.W.2d 34 (1977). We have also said many times that the amount of child support lies within the discretion of the chancellor and that we will not disturb the chancellor's finding absent an abuse of discretion. *Jones* v. *Jones*, 43 Ark. App. 7, 858 S.W.2d 130 (1993).

As stated earlier, appellant does not take issue with the chancellor's finding that the obligation of support should be continued beyond the age of majority on account of Clint's disability. His argument is that the circumstances do not warrant the imposition of a support obligation on him. In his brief, appellant characterizes himself and Clint as being "two adults . . . at the same level of income and disability," and contends that he should not be required to contribute support because he is also disabled. We cannot agree.

■ The *Guidelines for Child Support Enforcement*, 314 Ark. 644, 863 S.W.2d 291 (1993), do not specifically address the situation where a disabled parent is required to provide support for an adult handicapped child who also receives disability income in his or her own right. The guidelines do provide that "[f]or Social Security Disability recipients, the court should consider the amount of any separate awards made to the disability recipient's spouse and/or children." *Id.* at 646, 863 S.W.2d at 294. The chancellor here did not ignore Clint's independent source

of income, but he determined that Clint's necessary expenses exceeded that which he received in disability income by one hundred dollars. Further, in setting the amount of support, the chancellor considered the poor financial conditions of both parties, and concluded that each should share the responsibility of providing for Clint's needs, as based on their respective incomes and their relative abilities to pay.

Although appellant is disabled and his source of income is derived from his disability, appellee is similarly situated. To agree with appellant's argument would be to place the burden solely on appellee, which would then put her in a position which he himself is seeking to avoid. As was expressed by the supreme court in *Petty* v. *Petty*, 252 Ark. 1032, 482 S.W.2d 119 (1972):

> Is there any valid reason why the mother alone should bear the financial responsibility for helping the daughter . . . To ask these questions is but to answer them for each parent is responsible for bringing the child into this world and each, where financially able, has an obligation to render assistance.

*Id.* at 1036, 482 S.W.2d at 121.

Despite appellant's disability, he has a source of income and thus is not wholly without the means to pay support. Weighing the equities of the situation, we cannot say that the chancellor abused his discretion by ordering appellant to pay sixty dollars a month for Clint's support.

Affirmed.

COOPER and MAYFIELD, JJ., agree.