Dena BASS *v.* Jennifer WEAVER and Tyson Weaver

CA 07-874                                                    278 S.W.3d 127

Court of Appeals of Arkansas
Opinion delivered February 27, 2008

*Schmidt Law Firm, PLC,* by: *Paul A. Schmidt,* for appellant.

*Keesa M. Smith,* Center for Arkansas Legal Services, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. The appellant, Dena Bass, is the paternal grandmother of O.W., a three-year-old child. Appellant, who had continuous custody of the child for one year prior to the parents' divorce, intervened in the divorce action seeking custody on the grounds of parental unfitness. After a hearing, the trial court found that both parents were unfit and awarded custody of the child to appellant. These findings are not contested. Instead, appellant argues that the trial court erred in failing to order the parents to pay child support and in awarding extensive visitation to the mother. We agree with both arguments, and therefore we reverse and remand.

We review cases sounding in equity de novo on the record, but we do not reverse unless we determine that the trial court's findings were clearly erroneous. *Oliver v. Oliver,* 70 Ark. App. 403, 19 S.W.3d 630 (2000). We defer to the trial court's superior position to determine the credibility of the witnesses. As a rule, when the amount of child support is at issue, the appellate court will not reverse the trial judge absent an abuse of discretion. *Johnson v. Cotton-Johnson,* 88 Ark. App. 67, 194 S.W.3d 806 (2004).

We hold that the trial court abused its discretion by failing to order payment of child support at the time that the divorce was granted and the custody decree was issued. Arkansas Code Annotated section 9-12-312(a)(1) (Repl. 2002) requires the trial court to make all orders that are reasonable concerning the care of children at the time the divorce decree is entered. An order requiring payment of a reasonable amount of support by noncustodial parents is such an order. The statute further provides that:

> In determining a reasonable amount of support, initially or upon review to be paid by the noncustodial parent, the court shall refer to the most recent revision of the family support chart. It shall be a rebuttable presumption for the award of child support that the amount contained in the family support chart is the correct amount of child support to be awarded. Only upon a written finding or specific finding on the record that the application of the support chart would be unjust or inappropriate, as determined under established criteria set forth in the family support chart, shall the presumption be rebutted.

Ark. Code Ann. § 9-12-312(a)(2) (Repl. 2002).

Here, the trial court had before it ample evidence of the mother's recent income. It also had before it evidence that the father was an Army National Guard E-5 currently on active duty. Pursuant to Section III(c) of Arkansas Supreme Court Administrative Order Number 10, the trial court was required to reference the current military pay allocation chart and benefits in calculating the amount of support for which the father was liable. Although the proof was not extensive, it was sufficient to permit calculation of the minimum amount of support for which the father would be liable. We direct the court on remand to determine the parents' income based on available evidence and enter an order of support based on the family support chart, impute income pursuant to Administrative Order Number 10, section III(d), or explain why application of the chart would be unjust or inappropriate.

█ We also hold that the trial court erred in the duration and extent of visitation ordered to the mother. The order provided that the mother would have weekly visitation from Friday evening until Sunday evening and, on alternating weeks, would have visitation from Thursday evening until the following Monday morning. She was also granted six weeks' visitation every summer and one week every Christmas. We cannot, from this distance, reconcile the grant of such extensive unsupervised visitation with the trial court's specific finding that the mother was unfit because of serious delinquencies in character, judgment, and obligation, including living with and permitting the child to be cared for by a self-professed vampire who actually drinks blood. We are also concerned by the evidence that the child has severe developmental problems that have improved substantially by virtue of therapy obtained by appellant, especially in light of the mother's testimony that she did not believe that the child had any such problems.

Consequently, we also direct the trial court on remand to appoint an attorney ad litem to represent the best interests of the child and to reconsider the question of visitation.

Reversed and remanded.

GLOVER and MILLER, JJ., agree.