SLIP OPINION

Cite as 2015 Ark. App. 188

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-616

| | |
|---|---|
| EDGAR D. MILLER<br><br>                              APPELLANT<br><br>V.<br><br><br>ARKANSAS OFFICE OF CHILD<br>SUPPORT ENFORCEMENT<br>                              APPELLEE | Opinion Delivered  MARCH 18, 2015<br><br>APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>SIXTEENTH DIVISION<br>[NO. 60DR-98-1328]<br><br>HONORABLE MORGAN E. WELCH,<br>JUDGE<br><br>AFFIRMED |

**ROBERT J. GLADWIN, Chief Judge**

Appellant Edgar D. Miller appeals the February 18, 2014 order of the Pulaski County Circuit Court modifying his child-support obligation to his adult child, C.M., based on C.M.'s special-needs status and inability to care for himself, and awarding retroactive support from May 12, 1998, through January 24, 2014. He argues that the circuit court clearly erred in re-imposing a child-support obligation past the age of eighteen for C.M. because (1) the child-support obligation was terminated by operation of law three years prior; (2) the initial decree did not address the issue of continued support, although C.M. was disabled at the time of the decree; (3) the Office of Child Support Enforcement (O.C.S.E.) did not file a counterclaim; and (4) equitable defenses applied. We affirm.

SLIP OPINION

I. *Background*

Appellant and Eva N. Miller were divorced pursuant to a May 12, 1998 decree, which granted primary custody of the parties' three minor children to Ms. Miller, with reasonable visitation given to appellant. Appellant was ordered to pay child support in the amount of $300 bi-weekly. It is undisputed that C.M. had a disability at the time the decree was entered, but the decree was silent as to that issue.

After appellant lost his job in 1999, he petitioned the circuit court for a reduction in child support, which was reduced by an order dated June 15, 1999, to $230 bi-weekly. Appellant maintained child-support payments for fourteen years. The oldest child, C.M., turned eighteen on October 24, 2010, and the set of twins turned eighteen in June 2012. There is conflicting evidence as to whether appellant received notice when C.M. turned eighteen that he no longer owed a duty of support for C.M., but it is undisputed that paragraph seventeen of the original divorce decree states that "child support shall be paid until the last child of the parties attains age 18 or finishes high school, whichever event occurs last." Based on the payment-history chart supplied by O.C.S.E. covering the period from May 12, 1998, through September 20, 2013, it does not appear that appellant modified his payment at any time based upon C.M. reaching the age of eighteen.

On March 18, 2013, appellant filed a motion to modify child support based on the fact that the parties' children had reached the age of majority. O.C.S.E. filed a motion to intervene on August 6, 2013, pursuant to its responsibilities under Arkansas Code Annotated section 9-14-210(d) (Repl. 2009), and a motion for judgment regarding child-support

arrearage on that same date. O.C.S.E. filed a reply to appellant's motion to modify child support that same day in which it admitted appellant's allegations with respect to C.M. However, in its amended reply filed on August 21, 2013, the O.C.S.E. affirmatively stated that C.M. was developmentally disabled and would need care for the rest of his life and that appellant should be ordered to continue to pay child support for the child.

Hearings were held on August 22, 2013, and January 28, 2014. The circuit court found that based on *Bagley v. Williamson*, 101 Ark. App 1, 269 S.W.3d 837 (2007), the child C.M., who was already an adult, was owed a continued duty of support because he lived with his mother. The resulting order was filed on February 18, 2014, and appellant filed a timely notice of appeal on March 18, 2014, and an amended notice of appeal on March 26, 2014.

## II. *Standard of Review*

The standard of review for an appeal of a child-support order is de novo on the record, and the appellate court will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *Ward v. Doss*, 361 Ark. 153, 205 S.W.3d 767 (2005). A finding is clearly erroneous when, even though there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Adametz v. Adametz*, 85 Ark. App. 401, 155 S.W.3d 695 (2004). We give due deference to the superior position of the circuit court to view and judge the credibility of the witnesses. *Hunt v. Perry*, 357 Ark. 224, 162 S.W.3d 891 (2004). While a circuit court's findings of fact shall not be set aside unless clearly erroneous, its conclusions of law are not

SLIP OPINION

SLIP OPINION

given the same deference. *See Vowell v. Fairfield Bay Cmty. Club, Inc.*, 346 Ark. 270, 58 S.W.3d 324 (2001). Accordingly, if a circuit court erroneously applies the law and an appellant suffers prejudice, the erroneous ruling should be reversed.

### III. *Automatic Termination of Child Support*

Appellant argues that absent a subsequent material change of circumstances, Arkansas Code Annotated section 9–12–312 (Supp. 2013) makes it mandatory that support for a disabled child be set at the time of the initial decree when the child was disabled at the time of the initial decree. Ark. Code Ann. § 9–12–312(a)(1) (stating that when a decree is entered, the court shall make an order concerning the care of the children, if there are any, and an order concerning alimony, if applicable, as are reasonable from the circumstances of the parties and the nature of the case). However, under the same subsection, the statute goes further to allow the courts to provide for the continuation of support for an individual with a disability that affects the ability of the individual to live independently from the custodial parent. Ark. Code Ann. § 9–12–312 (a)(1)(6)(B). Appellant urges that in 2008, this court held that section 9-12-312 requires the circuit court to make all orders that are reasonable concerning the care of children at the time the divorce decree is entered. *Bass v. Weaver*, 101 Ark. App. 367, 278 S.W.3d 127 (2008). Accordingly, appellant maintains that, because at the time of the entry of the decree C.M. had the special needs in question, this issue should have been addressed in the initial decree.

Acknowledging that Arkansas recognizes a continued duty of support for a child who is disabled and incapable of self support, we note that our supreme court has held that the

disability must exist before the child reaches the age of majority. *Towery v. Towery*, 285 Ark. 113, 685 S.W.2d 155 (1985) (finding no duty where disabling injury occurred after majority). The age of majority is when the child reaches the age of eighteen. Ark. Code Ann. § 9-25-101 (Repl. 2009). Appellant urges that this leaves only a limited time period for which a parent can be held responsible for a continued duty of support: 1) either at the time of the decree if the child is disabled at the time of the decree, or 2) if the child acquired the disability prior to the age of majority, but after the entry of the decree, in which circumstance a modification of support based on a material change of circumstances must be filed.

When an issue is not raised in any discernible fashion in the brief of either party, in the abstract, or in the record itself, suggesting that the issue was neither considered nor argued below, it is not properly presented and should not be decided at the appellate level. Where there was no indication that the issues in question were raised below, it will not be considered for the first time on appeal. *Abramson v. Eldridge*, 356 Ark. 321, 149 S.W.3d 880 (2004); *Stiles v. Hopkins*, 282 Ark. 207, 666 S.W.2d 703 (1984). For a circuit court to have committed reversible error, timely and accurate objections must have been made so that the circuit court was given the opportunity to correct the error. It is the duty of the party seeking the relief to obtain a ruling from the trial court. When a party seeking relief fails to obtain a ruling on the specific issue, the appellate court is precluded from reviewing the issue on appeal. *Finagin v. Ark. Dev. Fin. Auth.*, 355 Ark. 440, 139 S.W.3d 797 (2003); *Bell v. Bershears*, 351 Ark. 260, 92 S.W.3d 32 (2002).

Appellant failed to properly preserve his argument that he cannot be held responsible for continuing child support because it was not provided for in the initial decree at the circuit court level and is barred from bringing this issue before a reviewing court. He did not plead that the request for extended child support should have been made in the divorce decree in his motion to modify child support, nor did he argue this issue at the August 22, 2013 continuance hearing or at the January 28, 2014 hearing. There was neither evidence presented nor objections made to preserve this point for appeal. *See Abramson*, *supra*; *Stiles*, *supra*.

Additionally, no testimony or evidence was presented at trial that child support for a disabled child should not have been reinstated three years later without a showing of a material change in circumstances; so this element of the issue is not appealable. Appellant failed to properly preserve any issue with regard to whether a material change in circumstances existed. He did not provide any facts to support his mere mention that a change in circumstances existed to modify his child-support obligation in his motion to modify child support, nor did he dispute this issue at the August 22, 2013 continuance hearing, or the January 28, 2014 hearing.

This court recently addressed continued support for an adult child in *Guthrie v. Guthrie*, 2015 Ark. App. 108:

> A parent ordinarily has no legal obligation to support a child beyond age eighteen. However, a parent may have a duty to provide continuing support to a child who is disabled upon reaching his majority. *See Elkins v. Elkins*, 262 Ark. 63, 553 S.W.2d 34 (1977); *Petty v. Petty*, 252 Ark. 1032, 482 S.W.2d 119 (1972). Our supreme court recognized in *Petty* that the onus of supporting the disabled child should not be borne solely by one parent.

SLIP OPINION

The common-law duty to support a disabled adult child, set forth in *Petty* and *Elkins*, was not included in section 9-14-237 when the legislature enacted that statute in 1993. The statute's automatic-termination provision made no exception for disabled children. Nevertheless, since 1993, our courts have continued to recognize a parent's ongoing duty to support a disabled adult child. *See Bagley v. Williamson*, 101 Ark. App. 1, 269 S.W.3d 837 (2007); *Davis v. Davis*, 79 Ark. App. 178, 84 S.W.3d 447 (2002); *Kimbrell v. Kimbrell*, 47 Ark. App. 56, 884 S.W.2d 268 (1994). In *Bagley*, we stated the following:

> Indeed, an obligor's duty to pay child support automatically terminates by operation of law on the later of the date that the child reaches eighteen years of age or should have graduated from high school. Ark. Code Ann. § 9-14-237 (Supp. 2005). However, the duty to support a child does not cease at majority *if* the child is mentally or physically disabled in any way at majority *and* needs support.

*Bagley*, 101 Ark. App. at 4, 269 S.W.3d at 840 (emphasis in original).

In light of these authorities, we conclude that section 9-14-237 sets forth the general rule that parental support automatically ceases when a child reaches the milestones that traditionally signal emancipation. However, the statute does not automatically terminate a parent's continuing, common-law duty to support a child who is disabled upon attaining his majority and who needs further support. *See Powell v. Miller*, 30 Ark. App. 157, 785 S.W.2d 37 (1990) (holding that a statute will not be construed as overruling a principle of common law unless it is made plain by the act that such a change in the established law is intended). Here, there is no dispute that J.G. was disabled upon reaching age eighteen and remained so at the time of the hearing.

We also observe that Arkansas Code Annotated section 9-12-312(a)(5)(B) (Repl. 2009), which was in effect when section 9-14-237 became law, specifies that a court may "provide for the continuation of support for an individual with a disability that affects the ability of the individual to live independently from the custodial parent." Section 9-12-312 provides that a court may determine support either initially "or upon review." Ark. Code Ann. § 9-12-12(a)(3)(A) (Supp. 2013); *see also Davis*, *supra*. This statute therefore provides additional authority for a court to order continuing support to a child who is disabled upon reaching his majority.

*Guthrie*, 2015 Ark. App. 108, at 2–3. Accordingly, we hold that the circuit court did not err in finding that appellant's child-support obligation did not automatically terminate at the age of majority.

IV.  *Should the Initial Decree Have Addressed the Issue of Continued Support
Because C.M. Was Disabled at the Time of the Decree?*

Next, appellant maintains that *Bagley*, which was heavily relied upon by the circuit court, leaves open the question as to whether the continuing child-support obligation should have been addressed at the time that the initial decree was entered where the child in question had the disability at the time the initial decree was entered. He notes that, with regard to the timing of the modification of support based on a disability in *Bagley*, what is clear is that the mother petitioned the circuit court *before* the child obtained the age of majority, and not approximately three years after the child obtained the age of majority as here. *Id.*

The circuit judge recessed the January 28, 2014 hearing and conducted independent research regarding the issues that had been presented at trial. The only pleadings before the circuit court were (1) appellant's motion to modify child support, which did not provide any facts regarding a material change in circumstances and which requested credit for arrears for varying periods of time, and (2) O.C.S.E.'s motion for judgment. Additionally, the circuit court had heard testimony that (1) established that C.M. was receiving SSI and Medicaid, and (2) the parties attempted to set an agreed-upon arrearage amount.

Five months later, and after ample time to conduct any research that needed to be done, the final hearing was held to address all the continued matters. During the trial but

prior to closing arguments, the parties agreed that the amount of the arrearage was $4,800.19, without explanation as to the specific allocation toward appellant's child-support obligation.

Our supreme court has held that a circuit court maintains continuing personal jurisdiction over parties to a divorce with respect to support and alimony matters. *See Dickson v. Fletcher*, 361 Ark. 244, 206 S.W.3d 229 (2005); *Office of Child Support Enforcem't v. Ragland*, 330 Ark. 280, 954 S.W.2d 218 (1997). To the extent that a material change in circumstances must be proved in order to modify a child-support obligation subsequent to the entry of the initial decree, this court upheld the circuit court's finding in *Guthrie*, *supra*, that a material change of circumstances occurred based on the fact that the child was disabled at the point of reaching his majority and could not live independently. Here, there is no dispute that C.M. was disabled at the time he reached the age of majority and still resided with his mother at the time appellant attempted to modify his child-support payment. O.C.S.E. addressed this issue in response to appellant's motion, and we see no clear error with the circuit court addressing this issue at the time appellant's request for modification occurred.

V. *Should the Relief Sought by O.C.S.E. Have Been Pled in a Counterclaim?*

Appellant also argues that the relief sought by O.C.S.E. was not properly pled, in that O.C.S.E. did not petition the circuit court for a modification, but rather asked for affirmative relief seeking the continuation of child support for C.M. in an amended reply to appellant's petition. Appellant submits that a proper motion must be filed in the circuit court before modification can be made. He cites Arkansas Code Annotated section 9-14-234(b) (Repl.

9

2009), which in pertinent part states that there should be no modification of support until the time either party moves through proper motion filed with the court and served on the other party to modify the order.

The circuit court judge raised this issue sua sponte by inquiring, "is there a petition before me to declare [C.M.] to be a special needs child?" Here, because the relief sought by O.C.S.E. was for the circuit court to order continued support, which was a claim that arose out of the same transaction as appellant's motion to modify support, appellant urges that O.C.S.E. should have asked for the relief in a counterclaim, rather than in an amended reply, and its failure to properly assert a counterclaim should have prevented the circuit court from granting the relief sought by O.C.S.E. *Citizens Bank v. Chitty*, 285 Ark. 55, 684 S.W.2d 814 (1985) (holding that failure to assert the counterclaim prevented the court from reducing the judgment by the amount already collected by the appellee at the time of trial).

We disagree. Because no testimony or evidence was presented at trial that O.C.S.E. did or did not properly plead continued child-support relief via a counterclaim, Arkansas Rule of Civil Procedure l5(b) (2014) applies. Although the circuit court requested that counsel present arguments on the issue of O.C.S.E. not filing a petition to declare C.M. to be a special-needs child, appellant failed to contest the alleged error. Instead, both counsel continued to discuss the issues, acknowledged C.M.'s disability, and proceeded as though there was no mistake to address. Rule l5(b) states, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

In *Mitchell v. Mitchell*, 2 Ark. App. 75, 616 S.W.2d 753 (1981), the issue of continued support for a child was brought up by the court, but the matter had not been previously pled. This court held that, because there was no objection made by the appellant, and because the appellant asked questions regarding the continued payments, the chancellor did not abuse his discretion in treating the pleadings as amended to conform to the evidence. Here, because appellant did not object to the continued discussion regarding C.M.'s disability, in essence acknowledging that the disability existed far before the time the initial decree was entered and was continuing in nature, we hold that he waived the right to raise this issue on appeal. *See Abramson, supra; Stiles, supra.*

VI. *Should the Equitable Defenses of Laches and Estoppel Have Prevented the Circuit Court from Reinstating a Continued Duty of Child Support?*

Enforcement of child-support judgments are treated the same as enforcement of other judgments, and a child-support judgment is also subject to the equitable defenses that apply to all other judgments. Accordingly, appellant submits that if an obligor presents to the circuit court a basis for laches or an equitable-estoppel defense, there may be circumstances under which the court can decline to permit enforcement of the child-support judgment. *See Ramsey v. Ramsey*, 43 Ark. App. 91, 861 S.W.2d 313 (1993).

Estoppel arises where, by the fault of one party, another has been induced, ignorantly or innocently, to change his position for the worse in such a manner that it would operate as a virtual fraud upon him to allow the party by whom he has been misled to assert the right in controversy. *Bethell v. Bethell*, 268 Ark. 409, 597 S.W.2d 576 (1980). Estoppel can apply to child-support matters and has been applied in a case where a father failed to pay child

11

support as ordered, but was actually supporting his children in his home—and a contempt citation for the arrearage was not filed until after the mother had removed the children and the father was no longer supporting them. *See Ramsey, supra.* Similarly, it has been held that long delay by a wife in invoking the process of the court to enforce a decree may give rise to an estoppel against her claiming an accrued arrearage. *Bethell, supra.*

Appellant urges that he properly raised an estoppel defense at the circuit court level, presenting evidence that he was induced to stop paying child support when he received notification from O.C.S.E. that C.M. was emancipated and that he no longer owed a duty to support. Appellant claims that he relied on O.C.S.E.'s notification to stop paying child support, which in turn put him in a worse position. Appellant states that he relied on the language in the divorce decree that his duty of support ended when each child obtained the age of eighteen. It is undisputed that C.M. had the disability at the time the decree was entered, and appellant argues that the mother and O.C.S.E. should be equitably estopped from now seeking a continued duty of support nearly fourteen years after the decree was entered. Appellant also cites *Bethel, supra,* claiming that there was an undue delay in seeking the alleged arrearage and asking for continued support because his ex-wife and O.C.S.E. did not raise these issues until three years after C.M. was emancipated and fourteen years after the decree was entered.

Appellant claims that there was undue delay in O.C.S.E. seeking relief, either in the form of the alleged arrearage or reinstated child support for C.M. He argues that undue delay was exhibited because the parties were divorced in 1998, and it is undisputed that C.M.

had the disability at the time the decree was entered. He claims his argument is strengthened by the fact that child support was modified in 1999, and the issue of continued support was not addressed at this hearing. The issue of the duty of continued support was not addressed until three years after C.M. was emancipated due to obtaining the age eighteen, and appellant urges that the circuit court clearly erred in determining that there was no evidence of laches.

First, we do not address appellant's argument with respect to the alleged arrearage because at trial the parties agreed that the amount of the arrearage was $4,800.19, without explanation as to the specific allocation toward appellant's child-support obligation. Although O.C.S.E. initially argued that appellant owed as much as $35,734.19, the transcript refers to two affidavits of arrearage prepared by O.C.S.E., one referring to the amount of support if payments had stopped when C.M. turned eighteen and one as if the payments had continued retroactively with amounts in the approximate range of $12,000 to $35,000. Prior to closing arguments, the parties agreed upon $4,800.19 as the correct amount of arrearage, and the circuit court so found in its order. Our supreme court has held that acceptance of the benefits of a decree or judgment that are inconsistent with relief sought on appeal, and detrimental to rights of others, bars appeal and requires its dismissal. *See Wilson v. Fullerton*, 332 Ark. 111, 964 S.W.2d 208 (1998). Because appellant agreed to the accepted amount of arrearage at trial, we decline to reach the merits of whether the circuit court's award of any amount of arrearage was erroneous.

Although very little testimony or evidence was presented to develop the equitable defenses of laches and estoppel with respect to the reinstatement of child support for C.M.,

13

the circuit court made a determination that neither applied, and we see no clear error in that finding. A party asserting estoppel must show that the party to be estopped knows the facts; the other party must be ignorant of the true facts; the party to be estopped must have acted so that the other party had reason to believe that the party intended its conduct to be acted upon; and the other party relied on the conduct to its prejudice. *Tribco Mfg. Co., Inc., v. People's Bank of Imboden*, 67 Ark. App. 268, 998 S.W.2d 756 (1999). Moreover, with regard to laches, it is an equitable doctrine that requires a detrimental change in position by one party and an unreasonable delay by the other party. *Adams v. Howard*, 2014 Ark. App. 328, 436 S.W.3d 473. The application of laches is based on the particular circumstances of each case and is a question of fact for the circuit court. *See id.*

Although O.C.S.E. argues that this issue is not properly before the court, we hold that some evidence of both defenses was developed through testimony and discussed in closing arguments. However, based upon the relevant statutes continuing the circuit court's ability to confer child support for C.M. under the particular facts of this case we see no error in the circuit court's finding that these equitable defenses did not apply with respect to the reinstatement of appellant's child-support obligation.

Affirmed.

KINARD and BROWN, JJ., agree.

*Lucas Law, PLLC*, by: *Molly Lucas*, for appellant.

*Donna D. Galloway*, for appellee.