RAYMOND R. ABRAMSON, Judge
The parties were divorced by decree of the Saline County Circuit Court in 2012. Appellee Melissa Warner has custody of the parties' daughter, S.W., who turned 18 years old in February 2017. On August 21, 2017, Melissa filed a motion to modify child support and to compel disclosure of income information. S.W. had been diagnosed with neurocardiogenic syncope, and Melissa sought to continue appellant Russell Warner's support obligation past S.W.'s 19th birthday. After a hearing, the circuit court found that child support should continue and entered an order extending child support past the age of majority. On appeal, Russell argues that there was insufficient evidence to support the circuit court's determination that the parties' adult child suffered from a disability at the time of her majority when it extended his obligation to continue to pay child support. We disagree and affirm.
Our standard of review for an appeal from a child-support order is de novo on the record, and we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. Ward v. Doss , 361 Ark. 153, 205 S.W.3d 767 (2005). A finding is clearly erroneous, even though there is evidence to support it, if the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. Deluca v. Stapleton , 79 Ark. App. 138, 84 S.W.3d 892 (2002). In reviewing a circuit court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. Ward , supra.
The sole issue on appeal is whether the circuit court properly ordered that support continue beyond the age of majority. The custodial parent seeking continued support bears the burden of proving that support should continue. Harris v. Harris , 82 Ark. App. 321, 107 S.W.3d 897 (2003).
Arkansas Code Annotated section 9-14-237 provides that:
(a)(1) Unless a court order for child support specifically extends child support after these circumstances, an obligor's duty to pay child support for a *8 child shall automatically terminate by operation of law:
(A) When the child reaches eighteen (18) years of age, unless the child is still attending high school;
(B) If the child is still attending high school, upon the child's high school graduation or the end of the school year after the child reaches nineteen (19) years of age, whichever is earlier.
Ark. Code Ann. § 9-14-237 (a)(1)(A), (B) (Repl. 2015).
A parent ordinarily has no legal obligation to support a child beyond age eighteen. However, a parent may have a duty to provide continuing support to a child who is disabled upon reaching her majority. See Elkins v. Elkins , 262 Ark. 63, 553 S.W.2d 34 (1977) ; Petty v. Petty , 252 Ark. 1032, 482 S.W.2d 119 (1972). Our supreme court recognized in Petty that the onus of supporting the disabled child should not be borne solely by one parent.
As our court stated in Guthrie v. Guthrie , 2015 Ark. App. 108, 455 S.W.3d 839 :
The common-law duty to support a disabled adult child, set forth in Petty and Elkins, was not included in section 9-14-237 when the legislature enacted that statute in 1993. The statute's automatic-termination provision made no exception for disabled children. Nevertheless, since 1993, our courts have continued to recognize a parent's ongoing duty to support a disabled adult child. See Bagley v. Williamson , 101 Ark. App. 1, 269 S.W.3d 837 (2007) ; Davis v. Davis , 79 Ark. App. 178, 84 S.W.3d 447 (2002) ; Kimbrell v. Kimbrell , 47 Ark. App. 56, 884 S.W.2d 268 (1994).
Id. at 4-5, 455 S.W.3d at 843.
S.W. suffers from neurocardiogenic syncope, an autonomic dysfunction that causes an abnormal reflux between her brain and heart that causes her to faint. Her health condition first presented when she was sixteen years old when she had her first fainting episode in December 2015. Since that time, she has had at least two fainting or near fainting episodes every day. S.W. described her symptoms as dizziness, light-headedness, loss of vision, loss of hearing, weakness, and feeling like she will collapse. Since her diagnosis, S.W. has been completely dependent on her mother.
Patrick Stage, a nurse practitioner, who is part of S.W.'s medical team at the Arkansas Heart Hospital, testified at the hearing. At the time of trial, her condition was not stable, and Stage confirmed that S.W.'s neurocardiogenic syncope was "severe" and "debilitating." S.W. cannot work and must attend school at home. She cannot drive. She cannot live independently until she stops having fainting spells. Stage confirmed that S.W. will be dependent on someone like a parent for the foreseeable future.
Prior to her illness, S.W. was an honor student at Bauxite High School. Her guidance counselor testified at the hearing that she expected S.W. to graduate with honors and that S.W. planned to go to college. When S.W. got sick her junior year of high school, she missed twenty-five days of school and completed only four courses. During what should have been her senior year of high school (the 2016-2017 school year), she earned only half a credit. At the time of the hearing, S.W. was currently in school at home and taking classes through Miner Academy, a charter school within the Bauxite School District. She had not yet graduated. S.W., Melissa, and Russell all testified at the hearing. Russell presented no evidence to dispute that S.W. was disabled upon reaching age eighteen and that she remained so at the time of the hearing.
On appeal, Russell relies on *9 Towery v. Towery , 285 Ark. 113, 685 S.W.2d 155 (1985), and its holding that a court cannot reimpose a legal duty of child support once that duty has ceased. Towery , however, is distinguishable from the case before us. The child in Towery was healthy upon reaching his majority but became disabled after turning eighteen. The Towery court held that under those circumstances, the duty of parental support could not be revived. Yet, the court was also careful to note that the duty of support does not terminate if the child is disabled at the age of majority , as is the case here.
Based on the evidence presented about S.W.'s medical condition, the circuit court found that she (1) suffered from a disability at the time she reached the age of majority; (2) continues to suffer from this disability; and (3) needs continued support. Specifically, the circuit court's order included the following findings:
[S.W.] has been diagnosed with neurocardiogenic syncope, which renders her unable to live independently. She is currently repeating her senior year of high school as a result of this illness. [S.W.] is unable to work, unable to drive, and cannot live on her own at this time. [S.W.]'s disability began before she attained the age of majority and continues beyond the age of majority.
Given our standard of review and the record before us, we hold that the circuit court did not clearly err in continuing child support for S.W. beyond the age of majority based on its findings that S.W. was disabled at the time she reached the age of majority and needed continued support. Accordingly, we affirm.
Affirmed.
Harrison and Murphy, JJ., agree.